## JONES v. HILL ET AL. GARNISHEES OF CAMPBELL.

### April 1, 1837.

*Rule to show cause why plaintiff should not take money out of court.*

In foreign attachment, where the goods attached are not more than sufficient to meet the plaintiff's demand, the garnishee is not entitled to retain out of the proceeds of the goods attached the costs and expenses of the garnishee in

[Jones v. Hill et al.]

subsequent writs of foreign attachment, *scire feci*, and replevin in relation to the property attached by the first writ.

Where the goods attached are ordered to be sold as perishable, and the money is brought into court, after a judgment in the *scire facias* against the garnishees, the court will order the money to be paid to the plaintiff, on his filing a recognizance to restore.

THIS was a rule to show cause why plaintiff should not take out of court, the money paid in under an order of sale in this case, on filing a recognizance to restore.

The garnishees were common carriers between New York and Philadelphia, and as such, on or about the 12th of September, 1835, received from New York, eighteen boxes and three bales addressed to I. Campbell & Co., or Isaac Campbell & Co., Lower Alton, (Ill.)

On the 12th of September, 1835, the above plaintiff issued a foreign attachment out of this court v. Isaac Campbell & Co., No. 4, December term, 1835, commanding the sheriff to attach the goods of defendants, in the hands of Hill, Fish & Abbe, and others, to which the sheriff returned "Sept. 12, 1835, at 4 o'clock, P. M., attached nine cases and three bales of merchandize, as within commanded, in the hands of Hill, Fish & Abbe, and summoned the said Hill, Fish & Abbe, as garnishees."

Eleven other foreign attachments were issued to the same term, between the 12th of September and the 10th of October, numbered 5, 7, 8, 9, 10, 13, 16, 17, 18, 19, 27, in all of which the sheriff was commanded to attach the goods of defendants in the hands of Hill, Fish & Abbe, and others, and to all of which the sheriff returned "attached as within commanded, and summoned Hill, Fish & Abbe, as garnishees."

On the 5th of November, 1835, five boxes and two bales were replevied by two writs of replevin out of this court, Nos. 75 and 76, to December term, 1835, in both of which Hill, Fish & Abbe were made defendants, and in one of which N. & H. Weed & Co. were plaintiffs, and in the other Conkling, Herring & Co. were plaintiffs.

[Jones v. Hill et al.]

The following writs of *scire facias* had issued on the above attachments, to wit:

| | |
|---|---|
| Jarvis & Thompson,<br>vs.<br>Hill, Fish & Abbe, et al.<br>garnishees of *James Campbell & Co.* | D. C. 103. Sept. 1836. Ex. Aug. 18, ret. 1st Mon. of Sept. (D. 13, 35,) "made known as to David Hill & nihil habet as to others." |
| Thomas Elmes & Co.<br>vs.<br>Hill, Fish & Abbe, et al.<br>garnishees of *Isaac Campbell & Co.* | D. C. 389. Sept. 1836. Ex. Sept. 14, ret. 1st Mon. of Oct. (D. 19, 35,) "made known as to David Hill & nihil habet as to others." |
| Joseph Jones,<br>vs.<br>Hill, Fish & Abbe, et al.<br>garnishees of *I. Campbell & Co.* | D. C. 600.  Sept. 1836. Ex. Oct. 12, ret. 1st Mon. of Nov. (D. 4, 35,) "made known as to David Hill & nihil habet as to others." |

In each of the above suits of scire facias, interrogatories had been put and answers filed by David Hill, embracing substantially the above statement of facts.

On the 22d of October, 1836, (in the case of Jarvis & Thompson,) it was ordered on motion of Mr. Chew, " that the 13 boxes and one bale remaining in the possession of the garnishee, David Hill, be opened by the sheriff, and an inventory taken of the amount." Agreeably to that order, the 13 boxes and one bale were taken by the sheriff from the custody of David Hill. And on the 19th of November, 1836, the sheriff made return to the above order.

On the 21st of January, in Jones *v.* Hill, on motion of Mr. Graham, and affidavit filed, ordered by court " that the goods attached in the possession of the garnishee be sold by the sheriff, and the proceeds brought into court; agreement of counsel filed." And on same day, in Jones *v.* Hill, on motion of Mr. Graham for plaintiff, "judgment against the goods and effects attached agreeably to the inventory of the sheriff as to the defendant David Hill."

The sheriff paid into court a certain sum, agreeably to the order of the 21st of January, having paid $50 porterage and storage, being less than the amount of plaintiff's judgment in the attachment.

[Jones v. Hill et al.]

The defendant David Hill, employed counsel in the twelve suits of foreign attachment, in the three actions of *scire facias*, and in the replevin suits.

The replevin suits were pending and at issue, and whatever might have been recovered back in them, would have enured to the benefit of the attaching creditors, and to Joseph Jones, the plaintiff, among the first.

The garnishee in all his answers made a claim for storage and freight, and the costs and charges he had been subjected to by reason of the numerous attachments and the two writs of replevin mentioned above.

The plaintiff was willing to allow out of the fund in court for freight, $20,75 : and the further sum of $20 for counsel fees and expenses to which the garnishee had been subjected in this particular suit.

But he objected to any thing being allowed out of this fund for costs, expenses, counsel fees, or otherwise, in the other attachments, or in the replevin suits.

The garnishee claimed to be allowed out of the effects attached a reasonable satisfaction for his attendance in all the twelve suits of attachment, and that a sum sufficient to cover his costs and charges, including counsel fees, in the replevin suits should be retained in court to abide the issue.

*Graham*, for plaintiff.
*Perkins*, for defendants.

Authorities cited : 2 *Dall.* 113, Walker *v.* Wallace ; *Serg. Att.* 36.

The opinion of the court was delivered by

Stroud, J.—On the 12th of September, 1835, Jones issued a foreign attachment against Campbell, upon which the sheriff attached certain boxes and bales of goods, in the hands of *Hill, Fish & Abbe*, and summoned them as garnishees. The goods appear to have been left by the sheriff in the hands of the garnishees.

Sept. 5, 1836, judgment against the defendant on the attachment was entered, and Sept. 30, 1836, damages assessed by jury of inquiry at $572. Oct. 12, 1836, plaintiff issued a *scire facias* to the garnishees, Hill, Fish & Abbe, and subsequently filed inter-

rogatories which were served upon them, and answers accordingly given, admitting the goods to have been in their hands, but stating that a portion had been taken by the sheriff under certain writs of replevin, and stating that twelve other attachments had been laid on the same goods subsequently to the attachment of Jones.

Oct. 22, 1836, on motion, the court, agreeably to the custom of London, (*Serg. on Att.* 19,) ordered the sheriff to open the boxes and bales, which was done accordingly.

January 21, 1837, judgment was entered, on motion, against the garnishees for the goods admitted, in the answers to the intergatories, to be in their hands.

*Same day*, on motion of plaintiff's counsel, on affidavit filed that the goods were chargeable and perishable, the court ordered them to be sold by the sheriff, and the proceeds to be brought into court. The sheriff made sale accordingly, and has brought the money into court.

Plaintiff has since obtained a rule to show cause why the plaintiff should not take out of court this money paid in by the sheriff, on filing a recognizance with security to restore, &c.

The garnishees having in the interrogatories admitted the goods to be in their hands, and having delivered them to the sheriff, by whom they had been sold under the order of the court, pray an allowance may be made to them for their expenses in the twelve writs of attachments which have been issued against the same defendants, and the three replevin suits against the garnishees for part of the goods attached, and also, in three *scire facias* which have been issued against them in judgments obtained in that number of foreign attachments; their claim is stated to be " a reasonable satisfaction for their attendance in all the twelve suits of attachments, and a sum sufficient to cover their costs and charges, including counsel fees in the replevin suits."

The plaintiff is willing to allow $20, 75, the amount for freight due on those goods,—the garnishees being common carriers, and having brought the goods from New York, and $20 as counsel fees in this particular suit.

We perceive no warrant for so large an allowance as is claimed by the garnishees—the language of the act of assembly of 1705 is, " the person in whose hands or possession the same goods or effects are attached, shall be called the garnishee, and shall

[Jones v. Hill et al.]

be obliged to appear in court at the return of the attachment, and answer what shall be objected against him, and abide the judgment of the court, *and shall be allowed*, out of the effects attached, *reasonable satisfaction* for his *attendance*." This manifestly refers to a particular suit—in this case, to the present suit—which being the *first* attachment, and the judgment being for a larger amount than the whole fund in court, nothing will remain for the subsequent attaching creditors. From the answers to the interrogatories, there seems to have been no good reason on the part of the garnishees for detaining the goods after the first attachment was laid,—and if they had been delivered to the sheriff then, the probability is, that no other attachment would have been issued.— Certainly none could have been issued, in which the sheriff, as to these goods, ought to have summoned these individuals as garnishees.

The proceedings in this case, have not been in accordance with the usual practice of the court on a similar state of facts. The sale ordered on January 21, 1837, of the goods as chargeable and perishable was unnecessary; for the plaintiff on the same day obtained judgment against the garnishee, and might, immediately afterwards, have issued execution and had the goods regularly sold under this writ of the sheriff. Security *to restore* if the debt should be disproved within a year and a day from that time, would have been demanded by the express requisition of the act of assembly *prior* to such sale. The order of sale, having been inadvertently made, and the sale having taken place, security must now be given by the plaintiff before the money can be paid over to him.

PETTIT, *President*, did not sit in this cause, owing to indisposition.

Rule absolute.